IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

PETER LE *et al.*,

Defendants.

No. 1:19-cr-57 (LO)

**PRE-TRIAL MEMORANDUM OF THE
UNITED STATES REGARDING BAD ACTS EVIDENCE**

The United States has not filed a notice of intent to introduce "bad acts" evidence under Rule 404(b)(3).  Whatever evidence we have of "other crimes, wrongs or acts" constitutes direct evidence of the charged RICO and drug conspiracies and the related charged offenses.

In Count 1 of the Fourth superseding Indictment, there is a lengthy, chronological list of overt acts committed in furtherance of the alleged racketeering conspiracy (¶¶ 14-220).  Count 1 also includes a detailed description of the gang (¶¶ 1-8), a description of the racketeering enterprise, including the purposes of the enterprise and its means and methods (¶¶ 9-11), and the criminal offenses constituting the pattern of racketeering alleged to have been committed by the defendants (¶¶ 12-13).  We have described in numerous affidavits (and produced in discovery) the evidence that led to numerous search warrants and arrests in the investigation of this case. We have provided extensive discovery of all of the reports for all known encounters with law enforcement by the defendants and other known gang members for more than the past decade. And we have produced the interview reports of all of our potential witnesses as well as any grand jury testimony.  In other words, the defendants have notice of all of the evidence we intend to introduce at trial.

In this case, the uncharged "bad" acts of the defendants are not extrinsic to the alleged RICO conspiracy and therefore are not subject to the notice requirements of Fed.R.Evid. 404(b)(3).  They are direct evidence of the charged RICO offense.  Courts typically admit evidence of crimes not specifically charged against a defendant in RICO cases because the evidence is proof of the charged RICO offense.  *See United States v. Palacios*, 677 F.3d 234, 245 (4th Cir. 2012) (in RICO and VICAR prosecution, court upheld admission of evidence of uncharged crimes committed by the defendant because the evidence was "express proof of the conduct for which [the defendant] was indicted" and, therefore, Rule 404(b) did not apply); *United States v. Henley*, 766 F.3d 893, 914-15 (8th Cir. 2014) ("evidence of uncharged crimes was admissible in a RICO prosecution as 'proof of an enterprise, of the continuity of racketeering activity, and of the defendant's knowledge of, agreement to, and participation in the conspiracy'") (citations omitted); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014) (held "evidence 'of an uncharged offense arising out of the same transactions as the offense charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b)'" and found evidence of uncharged murder, drug trafficking, and extortion admissible in RICO and VICAR prosecution) (citations omitted).

In RICO prosecutions, courts have also admitted evidence of crimes committed by persons other than the defendant.  For example, in *United States v. Finestone*, 816 F.2d 583, 585-87 (11th Cir. 1987), the Eleventh Circuit upheld the admission of evidence of coconspirators' commission of a murder and kidnaping and narcotics trafficking that the RICO defendant did not commit because such evidence: (1) showed the continuation of the RICO conspiracy within the five-year statute of limitations period, (2) was admissible to prove the coconspirators' pattern of

racketeering activity, and (3) showed their participation in the RICO conspiracy and overt acts in furtherance of it.

The government is also not limited to introducing only uncharged conduct that is specifically included in the indictment. *See Henley*, 766 F.3d at 914 (it was not an abuse of discretion to allow the introduction of an uncharged murder that was not included in the "overt acts" section of the indictment; the murder was relevant to establish the RICO conspiracy and in the context of the case, the evidence was not "unfairly prejudicial"); *Guerrero*, 768 F.3d at 365 ("government is not limited in its proof of a conspiracy or racketeering enterprise to the overt or racketeering acts alleged in the indictment") (citations omitted).

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
James L. Trump
Carina Cuellar
Ryan Bredemeier
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3726
Email: jim.trump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April, 2022, I caused the foregoing document to be served on all counsel of record through the Official Court Electronic Filing System.

_____/s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3726
jim.trump@usdoj.gov
