IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>YOUNG YOO, et. al.,<br><br>        *Defendants.* | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:19-cr-00057<br>)  Hon. Liam O'Grady<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

    The Defendant, Young Yoo, has filed a sentencing memorandum with the Court prior to his sentencing hearing on September 12, 2022. Dkt. 934. In the memorandum, Mr. Yoo argues that a mandatory life sentence is a violation of his Eighth Amendment Constitutional right. Mr. Yoo does not contest that a sentence of lifetime imprisonment without the possibility of parole is mandated by statute for his conviction. For the reasons discussed below, the Court finds that Mr. Yoo's sentence is both appropriate and permissible in accordance with the Eighth Amendment of the Constitution.

    On May 6, 2022, a jury found Young Yoo guilty of six counts of a criminal indictment. Of those counts, three counts required a mandatory life sentence. Those counts were: Count 3, Murder in Aid of Racketeering Activity in violation of 18 USC §§ 1959(a)(1) and (2); Count 5, Kidnapping Resulting in Death in violation of 18 USC §1201(a)(1); and Count 7, Killing while Engaged in Drug Trafficking in violation of 21 USC §848(e)(1)(A) and Title 18 USC §2. Mr. Yoo's criminal convictions resulted from his time as a leader and senior member of the Reccless

1

Tigers street gang in Northern Virginia. At trial, the Government introduced evidence that Yoo and the gang sold marijuana and other drugs throughout the Northern Virginia area, including in local middle schools and high schools. The Reccless Tigers engaged in countless acts of violence including assaults, fire bombings and shootings. At trial, the Government introduced video evidence of Mr. Yoo committing an assault with a baseball bat against one of his codefendants. In addition, Mr. Yoo's own extensive social media history reflected his efforts to portray himself as violent, intimidating, and dangerous by posing with multiple semiautomatic weapons. This pattern of violent behavior escalated to the murder of a twenty-one-year-old father, Brandon White, who owed Mr. Yoo a drug debt. Mr. Yoo became aware that Brandon White was cooperating with the Federal Bureau of Investigation. After failing to broker a deal for Brandon White's silence through his attorney, Mr. Yoo arranged for the kidnapping of Brandon White. Along with several coconspirators, Mr. Yoo drove his victim to Richmond, Virginia where White was repeatedly shot and stabbed. The jury in the case found that Mr. Yoo was guilty of the kidnapping and murder of Brandon White. At the time the murder was committed, Mr. Yoo was twenty-three years old.

  Mr. Yoo argues that due to his age at the time of the murder, a mandatory life sentence is unconstitutional under the Eighth Amendment. The Eighth Amendment of the United States Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. Mr. Yoo argues that his mandatory life sentences are constitutionally prohibited in light of a series of Supreme Court opinions that apply the Eighth Amendment's prohibition on cruel and unusual punishment to the imposition of life sentences for juvenile offenders. This line of jurisprudence includes *Roper v. Simmons*, which prohibited capital punishment for juvenile offenders under the age of eighteen.

543 U.S. 551, 589-579 (2005). The Supreme Court expanded the holding in *Roper* to forbid the imposition of life sentences without parole for nonhomicide offenders. *Graham v. Florida*, 560 U.S. 48, 74 (2010) ("the limited culpability of juvenile nonhomicide offenders; and the severity of life without parole sentences all lead to the conclusion that the sentencing practice under consideration is cruel and unusual.") The Supreme Court subsequently held that the Eighth Amendment also prohibits mandatory life sentences without parole for juvenile offenders convicted of homicide. *Miller v. Alabama*, 567 U.S. 460, 489 (2012) ("…the mandatory sentencing schemes before us violated the principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.")

Mr. Yoo argues that courts should look to the "evolving standards of decency that mark the progress of a maturing society" to gauge whether punishment is cruel and unusual under the Eighth Amendment. Dkt. 934 at 1 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). However, when the Supreme Court defines this 'evolving standard' it does so by looking at the laws of the fifty states and the judicial decisions within those states. *See Roper*, 543 U.S. at 564 ("The beginning point is a review of objective indicia of consensus, as expressed in particular by the enactments of legislatures that have addressed the question.") The Supreme Court has also declined to expand their Eighth Amendment jurisprudence when no state has adopted legislation which reflects that expansion. *Jones v. Mississippi*, 141 S. Ct. 1307, 1315 (2021) (The Court did not find that society's standards required a factual finding of "permanent incorrigibility" before the imposition of life without parole on a juvenile murderer.) In the current case, Mr. Yoo has not pointed to any legal precedent or legislative statute that has expanded the categorical rule adopted by the Supreme Court to apply to perpetrators over eighteen years of age. For this

reason, Mr. Yoo has not demonstrated an objective indication that society's current standards would define Mr. Yoo's sentence as cruel and unusual.

The Supreme Court has acknowledged that defining a juvenile as someone under the age of eighteen is somewhat arbitrary. *Roper*, 543 U.S. at 574 ("Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules.") However, the Supreme Court has outlined their reasoning for adopting this categorical rule and have not indicated that the rule should be expanded. *See Id.* ("The age of 18 is the point where society draws the line for many purposes between childhood and adulthood.") Due to this rule, the Eighth Amendment considerations regarding a juvenile offender do not apply to Young Yoo because he was above the age of 18 when he committed murder. *See United States v. Cobler*, 748 F.3d 570, 581 (4th Cir. 2014) ("Moreover, we decline to substitute a subjective judgment about the relative immaturity of a particular defendant for the objective age of minority that the Supreme Court has used as the benchmark for its categorical analysis of young offenders.") (*ref.*, *Roper*, 543 U.S. at 574; *United States v. Reingold*, 731 F.3d 204, 215 (2d Cir. 2013) ("immaturity, unlike age, is a subjective criterion, ill-suited to the pronouncement of categorical rules."))

The touchstone of the Supreme Court's Eighth Amendment analysis has revolved around the proportionality of a punishment to the crime committed. *See Montgomery v. Louisiana*, 577 U.S. 190, 206 (citing *Miller*, 567 U.S. at 470 n. 4)). The familiar analysis of the sentencing factors under 18 USC §3553(a) indicates that a life sentence is proportional to the crimes of which Mr. Yoo is convicted. The senseless kidnapping and murder of Brandon White is a terrible crime that warrants a life sentence. Mr. Yoo's other criminal and violent behavior also indicates that he is a very imminent danger to the community. The nature and circumstances of the crimes

Mr. Yoo committed are proportional to the harsh imposition of a life sentence. The need for the seriousness of the offenses to be reflected in the punishment also shows that a life sentence is appropriate. The need to protect the public also indicates a life sentence is necessary. For these reasons, the sentence that Mr. Yoo has received is proportional to his criminal conduct and therefore does not run afoul of the prohibitions contained within the Eighth Amendment. Congress has expressly defined the punishment that is required for a criminal conduct such as Mr. Yoo's. Absent a change in the law from Congress or a Higher Court, this Court remains bound by the current sentencing laws. As Mr. Yoo's sentence is proportional to the crimes he has committed and Mr. Yoo is not a juvenile, the Court finds that the sentence is permissible under the Eighth Amendment of the Constitution.

September 14, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge